Hon. _____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF WASHINGTON THROUGH THE WASHINGTON DEPARTMENT OF ECOLOGY, SUQUAMISH TRIBE, AND TULALIP TRIBES,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>JELD-WEN, INC., KIMBERLY CLARK CORP., and WEYERHAEUSER NR COMPANY,<br><br>　　　　　　　　Defendants. | Case No. 2:18-cv-00113<br><br>CIVIL COMPLAINT |

COMPLAINT　　　　　　　　　　　　　　　　　- 1 -　　　　UNITED STATES DEPARTMENT OF JUSTICE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Environment and Natural Resources Division
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 7611, Washington, DC 20044
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　202-514-5270

Plaintiffs United States of America, by authority of the Attorney General, on behalf of the National Oceanic and Atmospheric Administration of the Department of Commerce ("NOAA") and the Department of the Interior ("DOI"); the State of Washington through the Washington Department of Ecology; the Tulalip Tribes; and the Suquamish Tribe, allege as follows:

## I. GENERAL ALLEGATIONS

1. This is a civil action under Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; Section 1002(b) of the Oil Pollution Act (OPA), 33 U.S.C. § 2702(b); and the Model Toxics Control Act (MTCA), RCW 70.105D, for damages for injury to, destruction of, or loss of natural resources resulting from the release of hazardous substances and discharges of oil by Defendants into the Port Gardner Bay Area in Everett, Washington.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to Section 311(n) of the CWA, 33 U.S.C. § 1321(n); Section 1017(b) of OPA, 33 U.S.C. § 2717(b); and 28 U.S.C. §§ 1331, 1345 and 1367(a).

3. Venue is proper in this district pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b); and 28 U.S.C. § 1391(b) and (c).

## III. BACKGROUND

4. For purposes of this complaint, the Port Gardner Bay Area is defined as including the lower Snohomish River, Everett Waterfront, East Waterway, and a portion of Possession Sound in and near Everett, Washington, as depicted in the map attached as Appendix A.

5. There have been discharges of hazardous substances and oil within the Port Gardner Bay Area over several decades at or from facilities located adjacent to Port Gardner Bay, owned and/or operated by the Defendants.

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

6. The Port Gardner Bay Area is contaminated with oil and a variety of hazardous substances, including polychlorinated biphenyls ("PCBs"), organochlorine pesticides and related products, polycyclic aromatic hydrocarbons ("PAHs"), metals (including lead, mercury, copper, chromium, and arsenic), volatile and semi-volatile organic compounds, perchlorate, herbicides, organic solvents, antifouling agents such as tributyltin and other butyltins, sulfide and ammonia.

7. The lower Snohomish River, East Waterway, and a portion of Possession Sound comprising the Port Gardner Bay Area are "navigable waters" within the meaning of Section 1001(21) of OPA, 33 U.S.C. § 2701(21), and Sections 311 and 502(7) of the CWA, 33 U.S.C. §§ 1321 and 1362(7).

### IV. PLAINTIFFS

8. Pursuant to Section 1006 of OPA, 33 U.S.C. § 2706, Section 311(f)(5) of the CWA, 33 U.S.C. § 1321(f)(5), and 40 C.F.R. § 300.600, the United States is trustee for certain natural resources in the Port Gardner Bay Area.

9. Pursuant to Section 1006 of OPA, 33 U.S.C. § 2706, Section 311(f)(5) of the CWA, 33 U.S.C. § 1321(f)(5), 40 C.F.R. § 300.605, RCW 43.21A, RCW 70.105D, and RCW 90.48, the State of Washington is trustee for certain natural resources in the Port Gardner Bay Area.

10. Pursuant to Section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Suquamish Tribe is trustee for certain natural resources in the Port Gardner Bay Area.

11. Pursuant to Section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Tulalip Tribes is trustee for certain natural resources in the Port Gardner Bay Area.

## V.  DEFENDANTS

12. Each of the Defendants is a current owner or operator of, or formerly owned and operated, properties, identified in the list attached as Appendix B to this complaint, from which there have been discharges of hazardous substances and oil to the Port Gardner Bay Area.

13. At all times relevant to this complaint, each of the Defendants did business in this district.

14. Defendant Jeld-Wen, Inc., a Delaware corporation, is a former owner and operator of properties within the Port Gardner Bay Area, including property located at 300 W. Marine View Drive, Everett, Washington, from about 1986 to the end of 2013, which have been used for purposes including a wood door plant, sawmilling, casket manufacturing, machine shop processes, storage of above and below ground petroleum storage tanks, and a wood pole treating yard. There have been discharges of oil and PAHs, PCBs, furans, dioxins, and volatile and semi-volatile organic compounds from the properties owned and operated by Jeld-Wen, Inc.

15. Defendant Kimberly Clark Corp., a Delaware corporation, is the current owner and operator of properties within the Port Gardner Bay Area, including property located at 2600 Federal Ave, Everett, Washington, that have been used since the early 1900s for various purposes including sawmilling, a pulp and paper mill, and bulk petroleum storage operations. Kimberly Clark Corp. merged with Scott Paper Company, the successor to companies which conducted these operations, in 1995. Kimberly Clark Corp. operated the pulp and paper mill until 2012. There have been discharges of oil and metals, PAHs, PCBs, and volatile and semi-volatile organic compounds from the properties owned and operated by Kimberly Clark Corp.

16. Defendant Weyerhaeuser NR Company, a Washington corporation, is a former owner and operator of properties within the Port Gardner Bay Area, from the early 1900s to 1983, including the former Weyerhaeuser Mill A property, located at 3500 Terminal Ave, Everett, Washington, which was used primarily for purposes of a sawmill and pulp mill operations. There have been discharges of oil and metals, PAHs, PCBs, phenols, and volatile and semi-volatile organic compounds from the properties owned and operated by Weyerhaeuser NR Company.

17. Investigations have detected oil and hazardous substances in soils, groundwater or sediments on or in some or all of the properties owned or operated, or formerly owned or operated, by each of the Defendants, identified in paragraphs 14-16 above.

## VI.  FIRST CLAIM FOR RELIEF

18. Plaintiffs reallege paragraphs 1 through 17.

19. Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides in pertinent part, as follows:

> Notwithstanding any other provision or rule of law, and subject to the provisions of this Act, each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) of this section that result from such incident.

20. Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), makes responsible parties liable for:

> Damages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage, which shall be recoverable by a United States trustee, a State trustee, an Indian Tribe trustee, or a foreign trustee.

21. The properties owned or operated, or formerly owned or operated, by the Defendants identified in paragraphs 14-16 were and are facilities within the meaning of Sections 1001(9) and 1002 of OPA, 33 U.S.C. §§ 2701(9) and 2702.

22. Section 1001(32) of OPA, 33 U.S.C. § 2701(32), makes owners and operators of onshore facilities responsible parties for damages resulting from the discharge of oil from those facilities.

23. The discharge of oil from the identified facilities owned or operated, or formerly owned or operated, by each of the Defendants into or upon the navigable waters comprising the Port Gardner Bay Area and their adjoining shorelines has resulted in injury to, destruction of, or loss of natural resources within the trusteeship of one or more of the Plaintiffs.

24. Defendants are each liable to Plaintiffs for natural resource damages resulting from discharges of oil pursuant to Section 1001 of OPA, 33 U.S.C. § 2701.

### VII. SECOND CLAIM FOR RELIEF

25. Plaintiffs reallege paragraphs 1 through 24.

26. Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), provides in pertinent part, as follows:

> The discharge of oil or hazardous substances (i) into or upon the navigable waters of the United States, adjoining shorelines, or into or upon the waters of the contiguous zone . . . or which may affect natural resources belonging to, appertaining to, or under the exclusive management authority of the United States . . . in such quantities as may be harmful as determined by the President under paragraph (4) of this subsection, is prohibited . . . .

27. Section 311(f)(2) of the CWA, 33 U.S.C. § 1321(f)(2), provides in pertinent part, as follows:

> Except where an owner or operator of an onshore facility can prove that a discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United State Government, or (D) an act or omission of a third party without regard to whether an such act or omission was or was not negligent, or any combination of the foregoing clauses, such owner or operator of any such facility from which oil or a hazardous substance is discharged in violation of subsection (b)(3) of this section shall be liable to the United States Government for the actual costs incurred under subsection (c) of this section for the removal of such oil or substance by the United States Government . . . .

28. Section 311(f)(4) of the CWA, 33 U.S.C. § 1321(f)(4), provides in pertinent part, as follows:

> The costs of removal of oil or a hazardous substance for which the owner or operator of a vessel or onshore or offshore facility is liable under subsection (f) of this section shall include any costs or expenses incurred by the Federal Government or any State government in the restoration or replacement of natural resources damaged or destroyed as a result of a discharge of oil or a hazardous substance in violation of subsection (b) of this section.

29. The properties identified in paragraphs 14-16 owned or operated, or formerly owned or operated, by the Defendants are onshore facilities within the meaning of Section 311(f)(2) of the CWA, 33 U.S.C. § 1321(f)(2).

30. There have been discharges of hazardous substances in harmful quantities into or upon the navigable waters comprising the Port Gardner Bay Area and their adjoining shorelines from the identified facilities owned or operated, or formerly owned or operated, by the Defendants.

31. Discharges of hazardous substances from the facilities owned or operated, or formerly owned or operated, by the Defendants have damaged or destroyed natural resources belonging to, appertaining to, or under the exclusive management authority of the United States.

32. Defendants are each liable to the United States and the State of Washington for natural resource damages resulting from discharges of hazardous substances into the Port Gardner Bay Area pursuant to Section 311(f) of the CWA, 33 U.S.C. § 1321(f).

## VIII.  THIRD CLAIM FOR RELIEF

33. Plaintiffs reallege paragraphs 1 through 32.

34. MTCA, RCW 70.105D.040, provides in pertinent part as follows:

(1) Except as provided in subsection (3) of this section, the following persons are liable with respect to a facility:

(a) The owner or operator of the facility;

(b) Any person who owned or operated the facility at the time of disposal or release of the hazardous substances;

(c) Any person who owned or possessed a hazardous substance and who by contract, agreement, or otherwise arranged for disposal or treatment of the hazardous substance at the facility, or arranged with a transporter for transport for disposal or treatment of the hazardous substances at the facility, or otherwise generated hazardous wastes disposed of or treated at the facility;

(d) Any person (i) who accepts or accepted any hazardous substance for transport to a disposal, treatment or other facility selected by such person, from which there is a release or a threatened release for which remedial action is required, unless such facility, at the time of disposal or treatment, could legally receive such substance; or (ii) who accepts a hazardous substance for transport to such a facility and has reasonable grounds to

   believe that such facility is not operated in accordance with RCW 70.105; and

   (e) Any person who both sells a hazardous substance and is responsible for written instructions for its use if (i) the substance is used according to the instructions and (ii) the use constitutes a release for which remedial action is required at the facility.

   (2) Each person who is liable under this section is strictly liable, jointly and severally, for . . . all natural resource damages resulting from the releases or threatened releases of hazardous substances.

35. Materials disposed of and released in the Port Gardner Bay Area from the properties identified in paragraphs 14-16 owned or operated, or formerly owned or operated, by the Defendants include hazardous substances within the meaning of RCW 70.105D.020(13).

36. The identified properties owned or operated, or formerly owned or operated, by the Defendants are facilities within the meaning of RCW 70.105D.020(8).

37. The Port Gardner Bay Area is a facility within the meaning of RCW 70.105D.020(8).

38. Releases or threatened releases of hazardous substances have occurred in the Port Gardner Bay Area within the meaning of RCW 70.105D.020 and 70.105D.040.

39. The natural resources that have been and continue to be injured, destroyed, or lost by the release of hazardous substances from the identified facilities owned or operated, or formerly owned or operated, by the Defendants include fish, shellfish, invertebrates, birds, marine sediments, and other such natural resources.

40. The State of Washington has incurred and continues to incur response costs related to the assessment of injury to natural resources caused by the releases of hazardous substances from the identified facilities owned or operated, or formerly owned or operated, by the Defendants.

41. Pursuant to RCW 70.105D.040(2), Defendants are jointly and severally liable to the State of Washington for all damages to natural resources in the Port Gardner Bay Area, resulting from the release of hazardous substances at or from the Defendants' identified facilities.

## IX.  REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendants:

(1) For damages for injury to natural resources resulting from the discharges of oil or releases of hazardous substances in the Port Gardner Bay Area, including the cost of assessing such damages; and

(2) Awarding Plaintiffs such other and further relief as this Court may deem appropriate.

Dated: January 25, 2018

                          UNITED STATES OF AMERICA

                          JEFFREY H. WOOD
                          Acting Assistant Attorney General
                          Environment & Natural Resources Division

U.S. Department of Justice
Washington, D.C. 20530

ANNETTE L. HAYES
United States Attorney
Western District of Washington

*[signature]*

DANICA ANDERSON GLASER (DC #1005853)
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
202-514-5270
danica.glaser@usdoj.gov


STATE OF WASHINGTON

ROBERT FERGUSON
Attorney General

*[signature]*

JOHN A. LEVEL
Assistant Attorney General
2425 Bristol Court S.W.
P.O. Box 40117
Olympia, WA 98504 0117
(360) 586-6753

SUQUAMISH TRIBE

s/ Melody Allen

MELODY ALLEN
Suquamish Tribe
Legal Department
P.O. Box 498
Suquamish, WA 98392-0498
(360) 394 8488

THE TULALIP TRIBES

KIMBERLY ORDON
Law Offices of Kimberly Ordon, PS
P.O.Box 1407
Duvall, WA 98019-1407

TIMOTHY BREWER
Tulalip Tribes Office of the Reservation Attorney
6406 Marine Drive
Tulalip, WA 98271

COMPLAINT - 13 -

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**APPENDIX A**

# Assessment Area



# APPENDIX B

# Tax Parcels owned and/or operated by Settling Defendants within the Port Gardner Bay Area (Listed by Tax Parcel Number)

**Jeld-Wen, Inc.**

    29050700100400  (300 W. Marine View Drive, Everett WA  98201-1030)

    29050700101200


**Kimberly Clark Corp.**

    29051900300100
    29051900300200
    29051900201500
    29051900201300
    29051900201100
    29051900201000
    29051900200900
    00597761803901
    00597761803000
    00597761801000
    00597761800600
    00437461700200
    29051900201900

    00516048600000
    00516055600000
    00437455601300
    00437455701302
    00437455701301
    00437455701600
    00437455800500

    29052100201000
    00480100200800
    00563245900000
    29052100200900
    29052100300800
    00480100100100

29050700100100
29050800200800
29050800200900
29050700100700
00439700000100

29050600100100

29051800201500

**Weyerhaeuser NR Company**

29053000201800  (3500 Terminal Ave, Everett, WA 98201)

29053000203400