1
2
3
4
5
6
7
8

9   UNITED STATES DISTRICT COURT
10  WESTERN DISTRICT OF WASHINGTON

11
12  UNITED STATES OF AMERICA,          )
    STATE OF WASHINGTON THROUGH        )
13  THE WASHINGTON DEPARTMENT          )
    OF ECOLOGY, SUQUAMISH TRIBE,       )
14  AND TULALIP TRIBES,                )
15                                     )
16          Plaintiffs,                )
17                                     )          Civil Action No.: 2:18-cv-00113
                                       )
18          v.                         )
19                                     )
20  JELD-WEN, INC., KIMBERLY CLARK     )
    CORP., AND WEYERHAEUSER NR         )
21  COMPANY,                           )
22                                     )
23          Defendants.                )
24

25  **<u>CONSENT DECREE</u>**
26
27

## I. BACKGROUND

A. The Plaintiffs have filed a complaint in this matter against Jeld-Wen, Inc., Kimberly Clark Corp., and Weyerhaeuser NR Company ("Settling Defendants") pursuant to the Model Toxics Control Act ("MTCA"), chapter 70.105D RCW; chapter 90.48 RCW; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; and Section 1002(b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(b)(2)(A), for Natural Resource Damages as a result of releases of hazardous substances and discharges of oil into the Port Gardner Bay Area. The Port Gardner Bay Area (as defined below and depicted in Appendix A) includes the lower Snohomish River, Everett Waterfront, East Waterway, and a portion of Possession Sound in and near Everett, Washington. Several industrial facilities, including those currently or formerly owned and/or operated by the Settling Defendants (identified in Appendix B), have contributed hazardous substances and oil to the Port Gardner Bay Area.

B. The United States Department of Commerce, acting through the National Oceanic and Atmospheric Administration ("NOAA"); the United States Department of the Interior ("DOI"); the Washington Department of Ecology on behalf of the State of Washington; the Suquamish Tribe; and the Tulalip Tribes (collectively, "the Trustees" and, individually, a "Trustee"), under the authority of Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006(b) of OPA, 33 U.S.C. § 2706(b), 40 C.F.R. Part 300, subpart G, and RCW 70.105D.040(2), serve as trustees for natural resources for the assessment and recovery of damages for injury to, destruction of, or loss of Natural Resources under their trusteeship.

C. Investigations conducted by the Trustees and others have detected hazardous substances in the sediments, soils and groundwater of the Port Gardner Bay Area, including, but not limited to, polychlorinated dibenzodioxins and furans ("dioxins"), polychlorinated biphenyls ("PCBs"), organochlorine pesticides and related products, polycyclic aromatic hydrocarbons ("PAHs"), metals (including lead, mercury, copper, chromium, and arsenic), volatile and semi-volatile organic compounds (including 4-methylphenol), perchlorate, herbicides, organic

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 2 of 31**

solvents, antifouling agents such as tributyltin and other butyltins, and wood waste degradation products (including sulfide and ammonia).

D.      Plaintiffs allege that hazardous substances and oil released to the Port Gardner Bay Area from the facilities currently or formerly owned and/or operated by Settling Defendants, identified in Appendix B, have caused injury to, destruction of and loss of natural resources under Plaintiffs' trusteeship, including fish, shellfish, wildlife, marine sediments, and resources of cultural significance. Plaintiffs further allege that each of them and the public have suffered the loss of natural resource services (including ecological services as well as direct and passive human use losses) as a consequence of those injuries.

E.      Although the Trustees initiated but have not completed a full natural resource damage assessment for the Port Gardner Bay Area, the Trustees have developed and analyzed information sufficient to support a settlement that is fair, reasonable and in the public interest.

F.      To facilitate resolving natural resource damage claims, relying upon the results of remedial investigations, regulatory standards, and scientific literature, the Trustees developed an estimate of the amount of injury to natural resources that had occurred as a result of releases of hazardous substances and discharges of oil to the Port Gardner Bay Area. The Trustees quantified the effects of the injuries in terms of the losses of ecological services over affected areas and over time, discounted to a present value. Plaintiffs used discounted service acre-years ("DSAYs") to describe both the scale of the injuries, and the amount of habitat restoration they are seeking to compensate for the injuries.

G.      Plaintiffs assert that hazardous substance releases and oil discharges to the Port Gardner Bay Area have become dispersed and commingled to the extent that the effects of releases of one Potentially Responsible Party ("PRP") cannot be readily distinguished from another's. Plaintiffs further assert that the circumstances of the contamination make all PRPs who contributed to the contamination jointly and severally liable for all injuries to natural resources that have resulted from the contamination.  As a consequence, Plaintiffs assert the right to recover for the loss of all the calculated DSAYs and associated damage assessment costs from

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 3 of 31**

any PRP. Without prejudice to their position and solely for purposes of facilitating settlement with individual PRPs, the Plaintiffs have determined that settling with the Settling Defendants for a portion of the natural resource damages attributable to all Port Gardner Bay Area sources would result in a fair and equitable resolution of Plaintiffs' claims. Plaintiffs have agreed to settle their claims against Settling Defendants for the equivalent of 400 DSAYs (117 for Jeld-Wen, 153 for Kimberly-Clark, and 130 for Weyerhaeuser), of the total 1,019 DSAYs estimated by the Trustees for the Port Gardner Bay Area, and a portion of the Trustees' unreimbursed damage assessment costs. The Trustees have estimated the cash damages equivalent of the DSAYs allocated to Settling Defendants to total $3,946,633.

H. The Parties agree, and this Court by entering this Consent Decree finds, that this Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, that this Decree will expedite the restoration and protection of natural resources at and near the Port Gardner Bay Area, that the damage payments to be provided under this Decree constitute appropriate actions necessary to protect and restore the natural resources allegedly injured by releases or threatened releases of hazardous substances by the Settling Defendants, and that this Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed

## II.    JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1367, and 42 U.S.C. §§ 9607 and 9613(b) and 33 U.S.C. § 2717(b). The Court also has personal jurisdiction over the Settling Defendants. Solely for purposes of this Consent Decree and the underlying Complaint, the Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. The Settling Defendants shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 4 of 31**

### III.    PARTIES BOUND

2.      This Consent Decree is binding upon the United States, the State, the Suquamish Tribe, the Tulalip Tribes, and upon each Settling Defendant and their successors and assigns. Any change in ownership or corporate or other legal status of a Settling Defendant, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Defendant's responsibilities under this Consent Decree.

### IV.    DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or such regulations. Whenever terms listed below are used in this Consent Decree, or Appendices A or B, the following definitions shall apply solely for purposes of this Consent Decree:

a.      "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

b.      "Commerce" shall mean the United States Department of Commerce and its successor departments, agencies, or instrumentalities.

c.      "Consent Decree" or "Decree" shall mean this consent decree, including Appendices A and B.

d.      "Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day falls on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e.      "DOI" shall mean the United States Department of the Interior and its successor departments, agencies, or instrumentalities.

f.      "DSAYs" means discounted service acre-years, the metric established by the Trustees to quantify the scale of Natural Resource Damages liability associated with the Port Gardner Bay Area and the natural resource restoration efforts needed to compensate for injury to, destruction or loss of natural resources giving rise to liability.

CONSENT DECREE

g.　　　　　"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

h.　　　　　"Natural Resource Damages" shall mean any damages, including the costs of damage assessment, recoverable by the Trustees under Section 107 of CERCLA, 42 U.S.C. § 9607; Chapter 70.105D RCW; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; Chapter 90.48 RCW; and Section 1002(b)(2) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(b)(2), for injury to, destruction of, loss of, loss of use of, or impairment of Natural Resources, including, but not limited to:  (i) the costs of assessing such injury, destruction, or loss or impairment of natural resources; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, loss, impairment, diminution in value, or loss of use of natural resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15, and applicable State or tribal law, resulting from releases of hazardous substances or discharges of oil to the Port Gardner Bay Area, where such release or discharge occurred on or before the Effective Date of this Consent Decree at the locations identified for each Settling Defendant on Appendix B.

i.　　　　　"Natural Resources" shall mean that definition as provided in 42 U.S.C. § 9601(16).

j.　　　　　"MTCA" shall mean the Model Toxics Control Act, Chapter 70.105D RCW.

k.　　　　　"Parties" shall mean the United States, the State of Washington, the Suquamish Tribe, the Tulalip Tribes, and the Settling Defendants.

l.　　　　　"Plaintiffs" shall mean the United States, the State of Washington, the Suquamish Tribe, and the Tulalip Tribes.

m.　　　　　"Port Gardner Bay Area" shall mean the area depicted on Appendix A, attached, including the lower Snohomish River, Everett Waterfront, East Waterway, and a portion of Possession Sound in and near Everett, Washington.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 6 of 31**

n.     "Settling Defendant" shall mean each one of, and "Settling Defendants" shall mean all of, Jeld-Wen, Inc., Kimberly Clark Corp., and Weyerhaeuser NR Company.

o.     "State" shall mean the State of Washington, and the Washington State Department of Ecology.

p.     "Tribes" shall mean the Suquamish Tribe and the Tulalip Tribes.

q.     "Trustees" shall mean Commerce, acting through NOAA; DOI; the Washington State Department of Ecology, on behalf of the State of Washington; the Suquamish Tribe; and the Tulalip Tribes.

r.     "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including Commerce and DOI.

## V.     GENERAL PROVISIONS

4.     The Complaint states claims upon which relief may be granted.

5.     Nothing in this Decree shall be construed as an admission of fact or liability by Settling Defendants for any claims or allegations made in the Complaint or in this Decree nor shall Settling Defendants' entry of this Decree be construed as agreement with the claims or allegations made in the Complaint or in this Decree.

6.     This Decree shall not be used as evidence of Settling Defendants' alleged liability in any action or proceeding other than an action or proceeding to enforce the terms of this Decree.

## VI.     PAST ASSESSMENT COST REIMBURSEMENT

7.     Within thirty (30) days of the Effective Date of this Decree, Settling Defendants shall pay the amounts for past assessment costs incurred by the Trustees through May 27, 2017 (for NOAA) and June 30, 2017 (for DOI, the State and the Tribes), as described below:

a.     <u>Payments for Assessment Costs Incurred by the United States</u>.

1.     Within 30 days after the Effective Date, Settling Defendants shall pay the amounts below to the United States for assessment costs incurred by the United States:
<u>Jeld-Wen</u>: $70,320

CONSENT DECREE

1   <u>Kimberly-Clark</u>: $91,801

2   <u>Weyerhaeuser</u>: $78,133

3   Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department

4   of Justice account, in accordance with instructions provided to Settling Defendants by the

5   Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Western District

6
7   of Washington after the Effective Date.  The payment instructions provided by the FLU will

8   include a Consolidated Debt Collection System ("CDCS") number, which Defendant shall use to

9   identify all payments required to be made in accordance with this Consent Decree.  The FLU

10  will provide the payment instructions to:

11
12      <u>For Jeld-Wen</u>:

13      Dwayne Arino
        Vice President, Environmental Affairs
14      JELD-WEN, Inc.
        3250 Lakeport Blvd.
15      Klamath Falls OR 97601
        541-883-3373
16      darino@jeldwen.com

17      and

18
19      Kenneth Luther, JD
        Environmental Claims Examiner
20      Brandywine Group
        Insurance & Reinsurance Companies
21      2603 Camino Ramon, Suite 300
        San Ramon, CA 94583
22      925-598-6144
        kluther@chubb.com
23

24      <u>For Kimberly-Clark</u>:

25      Cindy Jernigan
        Kimberly-Clark Corporation
26      Global Sustainability, Senior Remediation Specialist
27      1400 Holcomb Bridge Road; Roswell, GA  30076
        (office) 770/587-7014
28  CONSENT DECREE

(email) Cindy.Jernigan@kcc.com, (fax) 920/969-4591

<u>For Weyerhaeuser:</u>

Carol Wiseman
Remediation Project Manager
Weyerhaeuser NR Company
220 Occidental Avenue South
Seattle, WA 98104
(360) 562-7733
Carol.Wiseman@weyerhaeuser.com

on behalf of Settling Defendants. Settling Defendants may change the individuals to receive payment instructions on their behalf by providing written notice of such change to the United States in accordance with Section XVI (Notices).

2. Of the total amount to be paid by Settling Defendants pursuant to Subparagraph 7.a.(1):

(a) $128,583 shall be deposited in the DOI NRDAR Fund, to be applied toward natural resource damage assessment costs incurred by DOI.

(b) $111,671 shall be deposited in the NOAA DARRF, to be applied toward natural resource damage assessment costs incurred by NOAA.

b. <u>Payment for Assessment Costs Incurred by the State</u>. Within 30 days after the Effective Date, Settling Defendants shall pay the amounts below to the State of Washington for assessment costs incurred by the State, totaling $50,224.

<u>Jeld-Wen</u>: $14,609

<u>Kimberly-Clark</u>: $19,215

<u>Weyerhaeuser</u>: $16,400

Payment shall be made by check or electronic fund transfer to the Washington State Department of Ecology, referencing account 1T491. If payment is made by mail, Settling Defendants shall send checks to:

CONSENT DECREE

Cashiering Unit
Department of Ecology
P.O. Box 47611
Olympia, WA  98504-7611

c.  <u>Payment of Assessment Costs Incurred by the Suquamish Tribe</u>.  Within 30 days after the Effective Date, Settling Defendants shall pay the amounts below to the Suquamish Tribe for assessment costs incurred by the Tribe, totaling $25,097.

<u>Jeld-Wen</u>: $7,346

<u>Kimberly-Clark</u>: $9,589

<u>Weyerhaeuser</u>: $8,162

Payment shall be made by check to the Suquamish Tribe bearing the notation "Port Gardner Bay NRDA."

d.  <u>Payment of Assessment Costs Incurred by the Tulalip Tribes</u>.  Within 30 days after the Effective Date, Settling Defendants shall pay the amounts below to the Tulalip Tribes for assessment costs incurred by the Tribes, totaling $28,678.

<u>Jeld-Wen</u>: $8,394

<u>Kimberly-Clark</u>: $10,958

<u>Weyerhaeuser</u>: $9,326

Payment shall be made by check to the Tulalip Tribes bearing the notation "Port Gardner Bay NRDA." Settling Defendants shall transmit payment by check to:

Mr. Timothy A. Brewer
Office of the Reservation Attorney
The Tulalip Tribes
6406 Marine Drive
Tulalip, WA 98271

8.  <u>Payment of Interim Costs</u>. The Trustees shall provide Settling Defendants with a bill requiring payment of costs incurred by the Trustees after the dates identified in Paragraph 7 through the Effective Date of the Consent Decree, up to $35,000. Within 30 days of receiving the

CONSENT DECREE

bill requiring payment of costs from the Trustees, Settling Defendant shall pay the costs in accordance with the procedures set forth in Paragraphs 7.a-d and 9.

9.     At the time of each payment pursuant to Paragraphs 7.a-d. and 8, Settling Defendants will send notice that payment has been made to the Trustees and DOJ in accordance with Section XVI (Notices). Such notice will reference Port Gardner Bay NRDA, DOJ case number 90-11-3-10859 and the civil action number.

## VII.     PAYMENT OF NATURAL RESOURCE DAMAGES

10.     Within thirty (30) days of the Effective Date of this Decree, Settling Defendants will pay to the Trustees a total of $3,946,633 for Natural Resource Damages, as follows:

Jeld-Wen:  $1,155,141

Kimberly-Clark:  $1,508,002

Weyerhaeuser:  $1,283,490

Payment shall be made by EFT to the U.S. Department of Justice account in accordance with Paragraph 7.a.(1). The payment shall be disbursed to a segregated sub-account within the NRDAR Fund ("Port Gardner Bay Account"), to be managed by the U.S. Department of the Interior for the joint benefit and use of the Trustees to pay for natural resource restoration projects to be jointly selected by the Trustees.

## VIII.   FAILURE TO MAKE TIMELY PAYMENTS

11.     If a Settling Defendant fails to make any payment under Paragraphs 7, 8 or 10 by the required due date, interest shall be assessed at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest is the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Interest on late payments shall accrue beginning on the date of lodging of the Consent Decree through the date on which the payment is made.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 11 of 31**

# IX.    STIPULATED PENALTIES

12.    <u>Late Payments</u>. Settling Defendants shall pay a stipulated penalty of $5,000 per day that each payment pursuant to Paragraphs 7, 8 and 10 is not made by the required due date.

13.    All penalties shall begin to accrue on the day after the payment is due, and shall continue to accrue through the final day the payment is made. Plaintiffs may give Settling Defendant written notification of the late payment. Plaintiffs may send Settling Defendant a written demand for the payment of stipulated penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether Plaintiffs have notified Settling Defendant of a late payment.

14.    All payments for stipulated penalties for late payments to the United States under this Paragraph will be deposited by EFT to the United States Treasury in accordance with Paragraph 7.a.(1). Payments for stipulated penalties for late payments to the State of Washington, the Suquamish Tribe or the Tulalip Tribes shall be paid in accordance with the procedures set forth in Paragraph 7. At the time of each payment, Settling Defendant will send notice that payment has been made to the Trustees and DOJ in accordance with Section XVI (Notices). This notice will reference Port Gardner Bay Area NRD, DOJ Case Number 90-11-3-10859, and the civil action number.

15.    All penalties accruing under this Section shall be due and payable within thirty (30) days of a Settling Defendant's receipt from Plaintiffs of a demand for payment of the penalties.

16.    If a Settling Defendant fails to pay stipulated penalties when due, Plaintiffs may institute proceedings to collect the penalties, as well as interest. Settling Defendants shall pay interest on the unpaid balance, which shall begin to accrue on the day after payment is due.

17.    If Plaintiffs bring a motion or a separate action in court to enforce this Decree and prevail, Plaintiffs shall be entitled to recover from the Settling Defendant or Defendants their reasonable costs of such motion or action, including, but not limited to, costs of attorney time.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 12 of 31**

18.     Payments made under this Section are in addition to any other remedies or sanctions available to Plaintiffs by virtue of a Settling Defendant's failure to comply with the requirements of this Decree.

19.     Notwithstanding any other provision of this Section, Plaintiffs may, in their unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Decree. Payment of stipulated penalties does not excuse Settling Defendants from payments as required by Section VI (Past Assessment Cost Reimbursement) or Section VII (Payment of Natural Resource Damages) or from performance of any other requirement of this Decree.

20.     All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs and shall continue to accrue through the final day of the correction of the noncompliance or completion of activity.  Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

## X.     TRUSTEES' USE OF NATURAL RESOURCE DAMAGES

21.     Management and Application of Funds.  DOI shall, in accordance with law, manage and invest those funds paid to the Port Gardner Bay Account pursuant to Paragraph 10 of this Consent Decree, and any return on investments or interest accrued on those funds, for the joint use by the Trustees in connection with restoration, rehabilitation, or replacement of Natural Resources affected by the release of hazardous substances in Port Gardner Bay.  DOI shall hold such funds in the Port Gardner Bay Account, including return on investments or accrued interest, subject to the provisions of this Consent Decree, and shall not make any charge against the Port Gardner Bay Account for any investment or management services provided.

22.     The Trustees commit to the expenditure of the funds set forth in Paragraph 10 for the design, implementation, permitting (as necessary), monitoring, and oversight of restoration projects and for the costs of complying with the requirements of the law to conduct the restoration planning and implementation process.  The Trustees plan to use these funds in

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270
**Page 13 of 31**

accordance with the Trustees' Damage Assessment Restoration Plan and Environmental Assessment for the Port Gardner Bay Area, issued in August 2016, and adopted as final in October 2016, unless a change in circumstances makes it appropriate for the Trustees to revise such Plan. The Plan, which was subject to a public comment period, identifies a preferred alternative to restore, replace, and/or acquire the equivalent of injured Natural Resources and services. In the event costs to implement the Restoration Plan are higher than anticipated, or the implementation of the Restoration Plan is otherwise infeasible, uneconomical, or impractical for any reason, this circumstance shall not give rise to any right to additional payments from Settling Defendants. In the event the funds paid under this Consent Decree are utilized for purposes other than those described in the Restoration Plan, such change in use of funds shall not give rise to any right to additional payments from Settling Defendants.

23. The Trustees jointly retain the ultimate authority and responsibility to use the funds in the Port Gardner Bay Account to restore, rehabilitate or replace Natural Resources in accordance with applicable law, this Consent Decree, and any Memorandum of Understanding among them. Defendants shall not be entitled to dispute, in any other forum or proceeding, any decision relating to the Trustees' use of funds or restoration efforts under this Section, and the rights and protections afforded to Defendants under the covenant not to sue and contribution protection provisions in Sections XI (Covenants by Plaintiffs) and XIV (Effect of Settlement/Contribution) shall not be affected in any way by the Trustees' use or administration of such funds.

## XI. COVENANTS BY PLAINTIFFS

24. Except as provided by Section XII (Reservation of Rights by Plaintiffs), the Plaintiffs covenant not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a); Chapter 70.105D RCW; Section 311(f) of the CWA, 33 U.S.C. § 1321(f); Chapter 90.48 RCW; and Section 1002(a) of OPA, 33 U.S.C. § 2702(a), to recover Natural Resource Damages. This covenant not to sue shall take effect upon receipt of Settling Defendants' complete payment of costs pursuant to Paragraphs 7,

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 14 of 31**

8 and 10 of this Consent Decree.  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree.  This covenant not to sue extends only to the Settling Defendants and does not extend to any other person.

## XII.    RESERVATIONS OF RIGHTS BY PLAINTIFFS

25.    The Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants, with respect to all matters not expressly included within the Plaintiffs' covenants in Section XI.  Notwithstanding any other provision of this Consent Decree, the Plaintiffs reserve all rights against the Settling Defendants with respect to:

a.    liability for failure by Settling Defendants to meet a requirement of this Consent Decree;

b.    criminal liability;

c.    liability for costs of response (i.e., removal and remedial costs to respond to hazardous substances) incurred or to be incurred by Plaintiffs under any federal or State statute or Tribal law;

d.    liability for damages to natural resources (including assessment costs) as defined in 42 U.S.C. §§9601(6) and (16) that are not expressly included within the Plaintiffs' covenants in Section XI;

e.    liability for damages to natural resources (including assessment costs) as defined in 42 U.S.C. §§9601(6) and (16) within the Port Gardner Bay Area resulting from a Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of hazardous substances after the lodging of this Consent Decree;

f.    liability for damages to natural resources (including assessment costs) as defined in 42 U.S.C. §§9601(6) and (16) for releases or threatened releases of hazardous substances or discharges of oil to areas outside of the Port Gardner Bay Area;

CONSENT DECREE

g.      liability for injunctive relief or administrative order enforcement under any federal or State statute; and

h.      liability under Section 107(a)(4)(D) of CERCLA, 42 U.S.C. § 9607(a)(4)(D), for costs of any health assessment or health effects study carried out under 42 U.S.C. § 9604(i) in or regarding the Port Gardner Bay Area.

26.      Notwithstanding any other provision of this Consent Decree, the Plaintiffs reserve the right to institute proceedings against Settling Defendants in this action or in a new action seeking recovery of Natural Resource Damages, based on (1) conditions with respect to the Port Gardner Bay Area, unknown to the Trustees at the date of lodging of this Decree that result in releases of hazardous substances or discharges of oil that contribute to injury to, destruction of, or loss of Natural Resources, or (2) information received after the date of lodging of the Decree which indicates that there is injury to, destruction of, or loss of Natural Resources of a type or future persistence that was unknown, or of a magnitude significantly greater than was known to the Trustees at the date of lodging of this Decree.

## XIII.   COVENANTS BY THE SETTLING DEFENDANTS

27.      Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, the State, the Suquamish Tribe, or the Tulalip Tribes, or their contractors or employees, with respect to Natural Resource Damages or this Consent Decree, including, but not limited to:

a.      any direct or indirect claim for reimbursement of any payment for Natural Resource Damages from the Hazardous Substance Superfund based on CERCLA Sections 107, 111, 112, 113, or any other provision of law; or

b.      any claim against the United States or the State pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Natural Resource Damages.

## XIV.   EFFECT OF SETTLEMENT/CONTRIBUTION

28.      Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Each of the Parties

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 16 of 31**

expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Port Gardner Bay Area against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States and the State, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional relief (including response action, response costs, and natural resource damages, including costs of damage assessment) and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2) of CERCLA.

29. The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States and the State within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA and RCW 70.105D.040(4)(d), or as may be otherwise provided by law, for Natural Resource Damages; provided, however, that if the Plaintiffs exercise rights against Settling Defendants under the reservations in Section XII, other than Paragraphs 25(a) (claims for failure to meet a requirement of this Consent Decree) and 25(b) (criminal liability), the contribution protection afforded by this Consent Decree will no longer include those matters that are within the scope of the exercised reservation.

30. The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the Plaintiffs in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States, the State and the Tribes for Natural Resource Damages within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

CONSENT DECREE

31.    Each Settling Defendant shall, with respect to any suit or claim brought by it for contribution for Natural Resource Damages, notify the Plaintiffs in writing no later than 60 days prior to the initiation of such suit or claim.  Settling Defendants shall also notify in writing the Plaintiffs within 10 days of any settlement of its claims (regardless of whether the claim is filed or unfiled) for contribution of Natural Resource Damages.

32.    Each Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify in writing the Plaintiffs within 10 days after service of the complaint on such Settling Defendant.  In addition, each Settling Defendant shall notify the Plaintiffs within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days after receipt of any order from a court setting a case for trial.

33.    In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs or Natural Resource Damages, or other appropriate relief relating to the Port Gardner Bay Area, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Plaintiffs in the subsequent proceedings were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XI (Covenants by the Plaintiffs).

## XV.    RETENTION OF RECORDS

34.    Until ten (10) years after Settling Defendant's payments to Plaintiffs pursuant to Paragraphs 7, 8 and 10, Settling Defendants shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to its liability or the liability of any other person under CERCLA with respect to the Port Gardner Bay Area. The above record retention requirement shall apply regardless of any corporate retention policy to the contrary.

35.     At the conclusion of this document retention period, Settling Defendants shall notify the Plaintiffs at least ninety (90) days prior to the destruction of any such records or documents, and, upon written request by Plaintiffs, and except as provided in Paragraph 36 (Privileged and Protected Claims), Settling Defendants shall deliver any such non-privileged records or documents to Plaintiffs.

36.     <u>Privileged and Protected Claims</u>. Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If a Settling Defendant asserts such a privilege, it shall provide Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendant. However, no documents, reports or other information created or generated pursuant to the requirements of the Decree shall be withheld on the grounds that they are privileged.

37.     Settling Defendants hereby each certify individually that, to the best of its knowledge and belief, after a thorough inquiry that fully complies with the Federal Rules of Civil Procedure, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Port Gardner Bay Area since notification of potential liability by any Trustee.

## XVI. NOTICES

38.     Whenever, under this Consent Decree, notice is required to be given by one Party to another, it must be directed to the person(s) specified below at the address(es) specified below. Any Party may change the person and/or address applicable to it by providing notice of such change to all Parties.  All notices under this Section are effective upon receipt, unless otherwise

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 19 of 31**

specified.  Except as otherwise provided, written notice to a Party by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to the United States and as to DOJ:**

EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Re:  DJ #90-11-3-10859

**As to the United States Department of Interior:**

Alexandra James
Office of the Regional Solicitor
U.S. Department of the Interior
805 SW Broadway, Suite 600
Portland, OR 97205
(503) 231-2145
(503) 231-2166 (fax)
alexandra.james@sol.doi.gov

Jeff Krausmann
Fish and Wildlife Biologist/NRDA Specialist
U.S. Fish and Wildlife Service
Washington Fish and Wildlife Office
510 Desmond Drive, SE, Suite 102
Lacey, Washington  98503-1263
ph. 360-753-6053
jeff_krausmann@fws.gov

**As to the National Oceanic and Atmospheric Administration:**

Christopher J. Plaisted
National Oceanic and Atmospheric Administration
Office of General Counsel, Natural Resources Section
U.S. Department of Commerce
501 W. Ocean Blvd, Suite 4470
Long Beach, CA 90802

**As to the State of Washington:**

Donna Podger

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

**Page 20 of 31**

Toxics Cleanup Program
Washington State Department of Ecology
State of Washington
P.O. Box 47600
Olympia, WA 98504-7600

John A. Level
Attorney General's Office
P.O. Box 40117
Olympia, WA 98504-0117

**As to the Suquamish Tribe:**

Melody Allen
Office of Tribal Attorney
P.O Box 498
18690 Suquamish Way
Suquamish, WA 98392


**As to the Tulalip Tribes:**

Kimberly Ordon
Law Offices of Kimberly Ordon, PS
P.O.Box 1407
Duvall, WA 98019-1407

Timothy Brewer
Tulalip Tribes Office of the Reservation Attorney
6406 Marine Drive
Tulalip, WA 98271

**As to Jeld-Wen, Inc.:**

Dwayne Arino
Vice President, Environmental Affairs
JELD-WEN, Inc.
3250 Lakeport Blvd.
Klamath Falls OR 97601
541-883-3373
darino@jeldwen.com

**As to Kimberly Clark Corp.:**

Deputy General Counsel, Litigation
Kimberly-Clark Corporation
2100 Winchester Road
Neenah, WI 54956

Director, Environmental Sustainability
Kimberly-Clark Corporation
1400 Holcomb Bridge Road
Roswell, GA 30076

**As to Weyerhaeuser:**

Michael Dunning
Perkins Coie LLP
1201 3rd Avenue, Suite 4900
Seattle, WA
98101-3099

Carol Wiseman
Weyerhaeuser NR Company
220 Occidental Avenue South
Seattle, WA 98104

## XVII. RETENTION OF JURISDICTION

39.     This Court retains jurisdiction over both the subject matter of this Consent Decree and Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XVIII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

40.     This Consent Decree shall be lodged with the Court for at least thirty (30) days for public notice and comment.  The Plaintiffs reserve the right to withdraw or withhold their consent if comments regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.

41.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX. SIGNATORIES/SERVICE

42.     The Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice and each undersigned representative of the State of Washington, the Suquamish Tribe, the Tulalip Tribe, and Settling Defendants certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party that he or she represents to this document.

43.     Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provisions of this Consent Decree unless any Plaintiff has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

44.     Each Settling Defendant shall identify on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of summons. Settling Defendants need not file answers to the complaint unless or until the Court expressly declines to enter this Consent Decree.

## XX. FINAL JUDGMENT

45.     This Consent Decree, and its appendices, constitute the final, complete, and exclusive agreement and understanding among the Parties regarding the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

CONSENT DECREE

1

46.     Upon entry of this Consent Decree by the Court, this Consent Decree shall

2

constitute a final judgment between and among the Parties.  The Court finds that there is no just

3

reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54

4

and 58.

5

6

**SO ORDERED THIS** _5_ **DAY OF** _April_ , 2018.

7

8

9

10

_____

11

United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

**FOR THE UNITED STATES OF AMERICA:**

Jeffrey H. Wood
United States Department of Justice
Acting Assistant Attorney General
Environment and Natural Resources Division
Washington, D.C. 20530

Date 1/10/18

Danica Anderson Glaser
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Washington, DC 20044
202-514-5270

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044
202-514-5270

Page 25 of 31

Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

**FOR THE STATE OF WASHINGTON:**

Date 11/15/17

Maia Bellon
Director
Washington State Department of Ecology

Date 11/21/17

John A. Level
Assistant Attorney General
State of Washington

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE, Seattle, WA 98115
206-526-6608

Page 26 of 31

Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

**FOR THE SUQUAMISH TRIBE:**

Date 11/20/17

Leonard Forsman, Chairman
Suquamish Tribe
Post Office Box 498
Suquamish, Washington 98392

Date 11/20/17

Melody Allen
Suquamish Tribe
Legal Department
P.O. Box 498
Suquamish, WA 98392-0498
(360) 394 8488

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE, Seattle, WA 98115
206-526-6608

Page 27 of 31

Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

**FOR THE TULALIP TRIBES:**

Date 11-29-17

Marie Zackuse
Chairwoman
The Tulalip Tribes
6406 Marine Drive
Tulalip, Washington  98271

Date 11-29-17

Kimberly Ordon
Law Offices of Kimberly Ordon, PS
P.O.Box 1407
Duvall, WA 98019-1407

Date 11.29.17

Timothy Brewer
Tulalip Tribes Office of the Reservation Attorney
6406 Marine Drive
Tulalip, WA 98271

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE, Seattle, WA 98115
206-526-6608

Page 28 of 31

1  Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

2

3  **FOR JELD-WEN, INC.:**

4

5

6  Date 11/6/17

7                                     Laura W. Doerre
                                      Executive Vice President, General Counsel and Chief Compliance
8                                     Officer
                                      JELD-WEN, INC.
9                                     440 S. Church St., Suite 400, Charlotte, N.C. 28202
10                                    704-378-5700
                                      LDoerre@jeldwen.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   CONSENT DECREE                              UNITED STATES DEPARTMENT OF JUSTICE
                                                 Environment and Natural Resources Division
                                                 7600 Sand Point Way NE, Seattle, WA 98115
                                                                            206-526-6608

                                        Page 29 of 31

1  Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

2

3  **FOR KIMBERLY CLARK CORP.:**

4

5

6  Date 6 Nov 2017

7  Sandra MacQuillan,
   Senior Vice President
8  Chief Supply Chain Officer

9  Authorized agent to accept service:

10

11  CT Corporation System
    1999 Bryan St #900
12  Dallas, TX 75201
    (214) 979-1172

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE, Seattle, WA 98115
206-526-6608

Page 30 of 31

Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

**FOR WEYERHAEUSER NR COMPANY:**

Date 11/15

Kristen Sawin
Vice President, Corporate and Government Affairs
Weyerhaeuser NR Company
220 Occidental Avenue South
Seattle, WA 98104

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE, Seattle, WA 98115
206-526-6608

**Page 31 of 31**

# Assessment Area



## APPENDIX B

## Tax Parcels owned and/or operated by Settling Defendants within the Port Gardner Bay Area (Listed by Tax Parcel Number)

**Jeld-Wen, Inc.**

29050700100400  (300 W. Marine View Drive, Everett WA  98201-1030)

29050700101200

**Kimberly Clark Corp.**

29051900300100
29051900300200
29051900201500
29051900201300
29051900201100
29051900201000
29051900200900
00597761803901
00597761803000
00597761801000
00597761800600
00437461700200
29051900201900

00516048600000
00516055600000
00437455601300
00437455701302
00437455701301
00437455701600
00437455800500

29052100201000
00480100200800
00563245900000
29052100200900
29052100300800
00480100100100

29050700100100
29050800200800
29050800200900
29050700100700
00439700000100

29050600100100

29051800201500

**Weyerhaeuser NR Company**

29053000201800  (3500 Terminal Ave, Everett, WA 98201)

29053000203400